

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 9, 1974

The Honorable Jon Newton
Chairman,
House Energy Crisis Committee
House of Representatives
Austin, Texas

Opinion No. H- 417

Re:    Legality of city's waiver
       of revenues to which it is
       entitled from city utility
       company.

Dear Representative Newton:

You ask whether a city may lawfully waive the portion of revenues from a city operated utility company to which it is entitled under the terms of a trust indenture.

In 1942 the City of San Antonio purchased its light and gas distribution system from the San Antonio Public Service Company, a private corporation. The purchase was effected by means of a trust indenture which established the City Public Service Board to operate the utility system for the benefit of both the bondholders and the city. Under the terms of the trust indenture the city is entitled to receive from the Board's gross revenues certain payments which when totaled will equal fourteen percent of those revenues.

You have told us that in 1974 because of a large increase in the price of gas, the city decided to take action to soften the blow that would have fallen on its consumers, many of whom are residents of satellite towns and military bases and accordingly pay no ad valorem taxes. The city advised the Board to delete from its billings to consumers fourteen percent of the billings attributable to increases in gas costs in excess of the costs for October 1973. The city in effect intended to waive some of the revenues it was entitled to receive under the terms of the trust indenture. If the proposed waiver had ever been put into effect, it would have caused a decrease in the city's total revenues. When the validity of the waiver was questioned, it was rescinded. You ask whether such a waiver would be legal.

Particularly relevant to the question you have asked is <u>San Antonio Independent School District v. Board of Trustees of the San Antonio Electric and Gas System</u>, 204 S. W. 2d 22 (Tex. Civ. App. --El Paso 1947, writ ref., n. r. e.) in which the court held to be invalid payments to a local school district out of utility revenues. In passing on this question, the court characterized the City Public Service Board as an agency of the city:

> It can make no difference in principle that the city elected to have the utilities operated by a board of trustees. This is but an agency by which the city may have the utilities operated; thus operating, they are operated by the city.    204 S. W. 2d at 26.

If the City Public Service Board is, legally speaking, an arm of the city, then the city can forego the payments to which it is entitled from the Board without making a gift in violation of Article 3, § 52 of the Texas Constitution. Waiver of these payments in effect constitutes a reduction in the rate the city is charging for utilities. To our knowledge there is no constitutional provision or statute which requires a city to charge a certain rate or make a certain amount of profit from a utility system it operates. See Articles 1123 and 1175 (14), V. T. C. S. , the statutory provisions which authorize municipalities to regulate the rate to be charged the public for gas and electricity. Assuming that the waiver does not result in the sale of utilities at less than cost to other political entities, it is our opinion that waiver of the revenues to which it is entitled is merely a reduction in rate by the city and not an unconstitutional gift.

### SUMMARY

Where a city owned utility is obligated to make payments to the city, waiver of those payments by the city is not unconstitutional under Article 3, § 52 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee

lg